IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

STEVEN MITCHELL LOWERY,       )
                              )
            Petitioner,       )
                              )
      v.                      )      1:17CV1119
                              )      1:15CR376-1
UNITED STATES OF AMERICA,     )
                              )
            Respondent.       )

**ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner has filed a motion (Docket Entry 33) to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. In 2016, Petitioner pled guilty, pursuant to a plea agreement, to possession with the intent to distribute oxycodone and was sentenced to sixty months of imprisonment. (Docket Entries 12, 19-20, 28; Minute Entries 3/7/2016 and 6/7/2016.) He did not appeal. (Docket Entry 33, § 8.) Instead, Petitioner filed a motion, which the Court construed as a motion brought pursuant to § 2255, that was ultimately dismissed for not being on the proper forms and for not setting forth a claim for relief. (Docket Entries 30, 31, 35.) Petitioner then filed the instant motion on the proper forms (Docket Entry 33) along with a motion to amend[1] (Docket Entry 37). Respondent, in turn, filed a motion to dismiss the instant § 2255 motion and an amended motion to dismiss the proposed amended § 2255

---

[1] The Court will grant Petitioner's motion to amend (Docket Entry 37) and has considered all of the arguments made in all of Petitioner's pleadings.

motion.[2] (Docket Entries 38-39.) Petitioner was notified of his right to file a response (Docket Entry 41); however, no response was filed and the time to do so has long since expired. This matter is now ripe for a ruling. *See* Rule 8, Rules Governing § 2255 Proceedings.

## PETITIONER'S GROUNDS

Petitioner's motion raises one ground for relief in which he asks the Court to resentence him and in doing so apply Amendment 782 to the United States Sentencing Guidelines. (Docket Entry 33, Ground One.) In his motion to amend, Petitioner raises the same issue, but this time in terms of ineffective assistance of counsel. (Docket Entry 37.) As explained below, these grounds are both time-barred and without merit.

## DISCUSSION

Respondent requests dismissal claiming Petitioner's motion was filed outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). (Docket Entries 38-39.) 28 U.S.C. § 2255(f). The AEDPA amendments apply to all motions filed under § 2255 after their effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320 (1997). Interpretations of 28 U.S.C. §§ 2244(d)(1) and 2255 apply equally to one another. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).

Under § 2255(f)(1), the limitation period runs from the date when the judgment of conviction became final. When a defendant does not file an appeal, his conviction becomes final for § 2255 purposes fourteen days after the entry of judgment. *Clay v. United States*, 537

---

[2] Respondent's second motion to dismiss incorporates by reference (Docket Entry 39 at 2) the arguments made in the first motion to dismiss (Docket Entry 38) and also addresses Petitioner's new ground for relief. Consequently, the Court will recommend denying the first motion to dismiss as moot.

2

U.S. 522, 524-27 (2003); Fed. R. Civ. P. 4(b)(1)(A). Here, the Court entered judgment in Petitioner's criminal case on July 6, 2016 (Docket Entry 28) and his time to file a direct appeal expired in late July of 2016. His one-year period to file a motion pursuant to § 2255 therefore expired one year later in late July of 2017. Petitioner made no efforts to initiate a § 2255 proceeding until he filed his initial (and deficient) motion on December 1, 2017, which the Court construed as a motion brought pursuant to § 2255 and ultimately dismissed without prejudice. (Docket Entries 30-31, 35.) Petitioner then filed the instant motion pursuant to § 2255 on December 14, 2017 (Docket Entry 33), but this motion was likewise late. Consequently, Petitioner's efforts were more than three months out of time under subsection (f)(1). Only if another subsection gives Petitioner more time to file will his motion be timely.

Section 2255(f)(2) requires an unlawful governmental action which prevented Petitioner from filing the § 2255 motion. Petitioner fails to allege or show that any unlawful governmental action prevented him from filing his motion. Therefore, subsection two does not give Petitioner a longer limitation period.

Section 2255(f)(3) allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review. Petitioner does not invoke this subsection, nor does it appear that he could.

Section 2255(f)(4) allows the limitation period to run from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. Petitioner invokes this provision and in support asserts that "[a]lthough the Amendment was in effect upon my conviction I was unaware of the Amendment until just

3

Case 1:15-cr-00376-WO    Document 42    Filed 01/03/20    Page 3 of 5

recently . . . . I just recently discovered that this application of the new rule could significantly modify my current sentence." (Docket Entry 33, § 18.)

This is not a persuasive argument. Petitioner was sentenced June 7, 2016. (6/7/2016 Minute Entry.) At that time, the guideline amendment he references—Amendment 782 (Docket Entry 33, Ground One)—was in effect as of November 1, 2014. United States Sentencing Commission Guidelines Manual, Supp. to Appx. C at 63-73 (Nov. 1, 2016). Thus, at least by the time of sentencing, the underlying facts existed and could have been discovered through due diligence. Petitioner's motion is untimely.

Additionally, the Supreme Court has determined that the one-year limitation period is subject to equitable tolling. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010). Equitable tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Petitioner does not request equitable tolling and the Court is unaware of any reason to believe the doctrine applies here. For all these reasons, Petitioner's grounds for relief are time-bared and his motion should be dismissed.

Finally, even if Petitioner's grounds for relief were not time-barred, they would fail on the merits. Amendment 782 revised how base offense levels in the Drug Quantity Table of U.S.S.G. § 2D1.1 incorporate respective statutory mandatory minimum penalties for those offenses. United States Sentencing Commission Guidelines Manual, Supp. to Appx. C at 70 (Nov. 1, 2016). When Petitioner was sentenced on June 7, 2016 (Minute Entry 6/7/16), Amendment 782 was already in effect as noted. Further, Petitioner's presentence report makes

4

clear his offense level computation was based upon the 2015 guidelines manual, which incorporated all guideline amendments, and would have included Amendment 782 from November 1, 2014, if applicable. (Docket Entry 26, ¶ 19.) Petitioner has failed to identify an error. And, since counsel is not required to raise a frivolous objection, there was no ineffective assistance of counsel for failing to pursue this issue further. Petitioner's grounds for relief are time-barred and without merit.

**IT IS THEREFORE ORDERED** that Petitioner's motion to amend (Docket Entry 37) his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is **GRANTED**.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (Docket Entry 39) Petitioner's amended motion be **GRANTED**, that Respondent's initial motion to dismiss (Docket Entry 38) be **DENIED** as moot, and that Petitioner's motion to vacate, set aside or correct sentence, as amended, (Docket Entry 33) be **DISMISSED**, and that judgment be entered dismissing the action.

_____
Joe L. Webster
United States Magistrate Judge

January 3, 2020
Durham, North Carolina